Gaston, Judge.
_ . We do not concur in the opinion that lessor of the plaintiff is concluded by the award, or the judgment thereon, from setting up title to the premises described in the declaration. That opinion, was. no doubt, founded upon the doctrine sanctioned in the case ot Doe on demise, Morris and others v. Rosser—3rd East. 15, which has been followed out by other adjudications of respectable courts, and is recognised in elementary treatises of great general correctness. It is not necessary for us to examine whether this doctrine is a part of the law of this State, because we believe, that correctly understood, it does not apply to the case before us. In the leading case above referred to, it was decided that where the lessor of the plaintiff and the defendant in ejectment had before submitted their right to the land to the decision of an arbitrator who had awarded in favour of the lessor, the award concludes the defendant from disputing the lessor’s title in an action of ejectment; for, although, say the court, “the award cannot have the operation of conveying the land, yet there is no reason why the defendant may not conclude himself by his own agreement, from disputing the title of the lessor in ejectment. The parties consented that the award of the arbitrator, chosen by themselves, should be conclusive as to the right to the land in controversy between them, and this is sufficient to bind them in an action of ejectment.” To bring the award in question, within the operation of the principles thus asserted, it must appear that the parties had consented that the award of the arbitrators should be conclusive as to the right to the land, and that the arbitrators had definitively adjudged in whom was the right. To us it seems that neither of these is shewn here.. The submission and the award are of record; and by that record it appears that heretofore an action of ejectment for the same land had been instituted on the demise of one Adam Beatty, under whom the defendant, Hogue, claims as purchaser; that to this action Hardin, the lessor of the now plaintiff, was admitted a defendant, upon *383 entering into the common rule and pleading not guilty; that under a rule of Court, by consent of the parties, there was a reference to certain referees or arbitrators; that they returned an award finding Hardin guilty of the trespass, and assessing the plaintiffs damages to 6 1-4 cents and costs; and that a judgment was rendered by the Court pursuant to this award. The submission therefore embraced the matter, and that only, which the pleadings of the parties brought into contestation before the Court — and the award of the arbitrators decided and professed to decide no more than would be decided by a judgment of the Court, that the plaintiff should recover damages and costs for the trespass complained of. Now it is perfectly settled that the pleadings in an action of ejectment do not put directly in issue the right to the land; and a judgment in favour of the plaintiff, which always includes damages and costs and generally also a recovery of his term, does not determine the right to the land. We are therefore unable to perceive how a mere reference of a controversy pending before the regular tribunal of justice, to one chosen by the parties, can bring before the latter more than was in issue in the former — or how a judgment of the latter thereupon can have a more extensive effect than the same judgment would have had, if rendered in the former. The submission and the award must be explained by the nature of the action; and “every estoppel, because it concludeth a man to allege the truth, must be certain to every intent, and is not to be taken by argument or inference.” Co. Lit. 352 b.
The judgment of the Superior Court must be reversed, and a venire ele novo awarded.
Pee. Curiam. Judgment reversed.